SHELL PIPE LINE CORPORATION
v. De SHAZER et al.

No. 31626.    Feb. 13, 1945.

Rehearing Denied April 10, 1945.

*157 P. 2d 464.*

Geo. W. Cunningham, of Tulsa, Ralph J. May, of Oklahoma City, and W. D. Masterson, Jr., of Tulsa, for plaintiff in error.

Frank T. McCoy, John T. Craig, and John R. Pearson, all of Pawhuska, for defendants in error.

CORN, J.   This is an appeal by the Shell Pipe Line Corporation from a judgment in favor of Sarah A. and W. B. DeShazer upon a verdict in the sum of $700 for damages caused by breaks and leakages in the company's pipe line to the soil, to crops and to pecan and walnut trees on the plaintiffs' farm. The parties will be referred

to herein as plaintiffs and defendant as they appeared in the trial court.

The plaintiffs brought two separate actions on account of different breaks in the pipe line at different times and places on the farm, but these two actions were consolidated and tried as one case.

The defendant contends that the verdict is not based upon competent evidence, but upon the assumption that 38 pecan and three walnut trees were fatally injured, whereas defendant asserts that the evidence showed these trees were uninjured.

The major portion of the damages allowed by the verdict was for injury to the trees and to the soil in the entire area saturated by the crude oil. Considerable evidence was offered and received at the trial concerning the condition of the soil and of the trees at the time of the trial. The trees were still alive and showed only slight injury, if any at all, at that time; but the evidence showed that the soil was saturated with crude oil from the broken line and was in such condition as would eventually injure or ruin the trees and other plant life in that area. Extensive maps and plats were introduced in evidence showing the extent of the affected area, and showing where the company had drained escaped crude oil into specially constructed holes and ponds to be burned. The evidence shows that great quantities of the crude petroleum product had escaped and had saturated several acres of land along a draw which meandered almost a half mile across the farm. The jury had before it a comprehensive description of the facts in the case from which to draw its conclusions. It did not undertake to set out in separate amounts the damage which they considered had been done to the trees or to the soil, but assessed the combined damage in a lump sum.

In addition to the physical facts shown by the evidence there was considerable opinion evidence based upon the knowledge and experience of the witnesses as to the injury done by the saturation of the soil by the crude oil.

In view of the insistence of the defendant that there is no evidence of damage to support the verdict, and that it is based upon the assumption of facts not proved and upon conjecture, it would seem appropriate to incorporate herein a brief resume of the evidence.

The plaintiff W. B. DeShazer testified in substance that the farm is good black sandy loam bottom land, under cultivation and well improved, with a six-room modern house and another house on the place. That when the break in the line occurred on December 16, 1941, the oil boiled out of the ground and ran down across the land like a big branch, flowing through oat stubble and backing up in furrows in the cornfield to a depth of six inches. It spread out 75 feet between corn rows. The land was dry when the break took place. The company burned the ground which the oil had covered, and in places where the oil had not run, dug ditches and made it run into holes they dug, and into ponds made by building dams across low places. Dug fives holes in cornfield and two in oat stubble ten feet wide or more, and ran oil in them and burned it. Some oil was left standing three days before burning. Did not burn pecan grove, but ditched off what they could and left the rest. Did not fill up ditches and the land washed. Plowed and planted across the oil soaked land the next spring and nothing grew on it.

Luther Alred testified that he had a line break on his place; that he plowed and planted across the strip for ten years and nothing grew on it. That oil kills vegetation and trees.

Carl Taylor testified that from his experience saturation of one-half inch kills vegetation, and nothing will grow on the land again.

Harry Blake testified that oil broke out on his place and that it killed the land. Nothing would grow on it. He said six or eight acres had been destroyed on the plaintiffs' farm, and estimated the damage by decrease in value of the farm at $3,500.

The defendants' witnesses testified

that there was some damage suffered, but no permanent damage, such as would affect the sale value of the land.

Thus it may be seen that there is conflict in opinion as to the amount of damage. It is therefore a question of fact for the jury to determine from all the competent evidence before it as to what the extent of the damage was, and if there is any evidence reasonably tending to support the verdict of the jury the same should not be disturbed.

Exceptions are also taken to certain instructions, but we do not consider them of sufficient merit to warrant discussion. We find no substantial error in the instructions, but consider them a fair presentation of the case to the jury.

The judgment is affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, WELCH, DAVISON, and ARNOLD, JJ., concur.